IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:02CR116 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| DEREK D. DABNEY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for initial review of the defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 133), and his brief supporting his § 2255 motion (Filing No. 139).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

A jury found defendant guilty on Count I of the Indictment charging him with conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1) and 846 (Filing No. 74). The court sentenced defendant to the custody of the Bureau of Prisons for 192 months followed by 3 years supervised release (Filing No. 97). On direct

appeal defendant challenged his conviction on the sufficiency of the evidence and argued that the district court clearly erred by finding him responsible for 577.5 grams of methamphetamine, improperly attributing to him methamphetamine that the jury was unwilling to attribute to him (Filing No. 125). The Eighth Circuit affirmed defendant's conviction and sentence.

In his § 2255 motion defendant makes the following claims: (1) his conviction was obtained by a violation of the protection against double jeopardy; (2) denial of effective assistance of counsel based on counsel's failure to argue that the jury did not follow Jury Instruction No. 8; (3) the sentencing court's determination that 577.5 grams of methamphetamine was attributable to defendant was a violation of his right to jury trial; (4) denial of effective assistance of counsel based on counsel's failure to argue that the sentencing proceedings were barred by collateral estoppel because the sentencing court retried an issue of fact, the drug quantity; (5) denial of effective assistance of counsel based on counsel's failure to ask for instructions that were relevant to a drug conspiracy; (6) denial of effective assistance of counsel on appeal based on counsel's failure to challenge the court's response to questions set forth by the jury; and (7) denial of effective assistance of counsel based on trial counsel's failure to argue that the jury instructions conflicted with the verdict form and were ambiguous.

The United States shall answer the defendant's claims. In addition to any other issues raised in the answer, the United States shall address whether these claims are barred by procedural default, waiver, or untimeliness.

THEREFORE, IT IS ORDERED:

1. That the court finds and concludes that summary dismissal of the defendant's § 2255 motion (Filing No. 133) is not appropriate;

2. That by March 27, 2006, the United States shall answer or otherwise respond to the defendant's § 2255 motion and shall file an accompanying brief; and

3. That by April 27, 2006, the defendant may file a reply brief.

DATED this 23rd day of February, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge