IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 4:02CR116 |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| DEREK D. DABNEY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255 motion) (Filing No. 133), and the government's response to defendant's § 2255 motion (Filing Nos. 143 & 144).

**FACTUAL BACKGROUND**

A jury found defendant guilty on Count I of the Indictment charging him with conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1), 841 (b)(1) and 846. (Filing No. 74). The court sentenced defendant to the custody of the Bureau of Prisons for 192 months followed by 3 years supervised release. (Filing No. 97). On direct appeal defendant challenged his conviction on the sufficiency of the evidence and argued that the district court clearly erred by finding him responsible for 577.5 grams of methamphetamine, improperly attributing to him methamphetamine that the jury was unwilling to attribute to him. (Filing No. 125). The Eighth Circuit affirmed defendant's conviction and sentence. (Filing No. 125).

In his § 2255 motion defendant makes the following claims: (1) his conviction was obtained by a violation of the protection against double jeopardy; (2) denial of effective assistance of counsel based on counsel's failure to argue that the jury did not follow Jury

Instruction Number 8; (3) the sentencing court's determination that 577.5 grams of methamphetamine was attributable to defendant was a violation of his right to jury trial; (4) denial of effective assistance of counsel based on counsel's failure to argue that the sentencing proceedings were barred by collateral estoppel because the sentencing court retried an issue of fact, the drug quantity; (5) denial of effective assistance of counsel based on counsel's failure to ask for instructions that were relevant to a drug conspiracy; (6) denial of effective assistance of counsel on appeal based on counsel's failure to challenge the court's response to questions set forth by the jury; and (7) denial of effective assistance of counsel based on trial counsel's failure to argue that the jury instructions conflicted with the verdict form and were ambiguous.

## ANALYSIS

**Drug Quantity**

As to defendant's first, third and fourth claims, these challenges all allege that the jury's finding that he distributed less than 50 grams of methamphetamine precluded the district court's attributing 577.5 grams of methamphetamine to defendant.

First, defendant claims his conviction was obtained in violation of the double jeopardy clause. The double jeopardy clause is violated in a single proceeding only where multiple punishments are imposed for the same crime contrary to the legislature's intent. See Jones v. Thomas, 491 U.S. 376, 380-81 (1989). However, the court's drug quantity determination did not result in multiple punishments for the same crime. Defendant received one sentence for his conviction. Furthermore, defendant's argument that he received ineffective assistance of counsel because his attorney did not argue that the

court's drug quantity determination was barred by collateral estoppel is denied. The doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). The court's drug quantity determination did not relitigate the case, and defense counsel is not required to assert arguments that lack merit.

Defendant also argues that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) precluded the district court from determining the drug quantity by the preponderance of the evidence when the jury had already determined the drug quantity beyond a reasonable doubt.

In Booker the United States Supreme Court stated "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 220, 244. The Eighth Circuit has concluded, however, that the remedial opinion in Booker held that judicial fact-finding by the preponderance of the evidence for sentencing purposes does not violate the Sixth Amendment when made as part of an advisory Guidelines regime. United States v. Vaughn, 410 F.3d 1002, 1004 (8th Cir. 2005), cert. denied, --- U.S. ----, 126 S.Ct. 1103 (2005). See also United States v. Patient Transfer Service, Inc., 413 F.3d 734, 745 (8th Cir. 2005) (recognizing that "the Supreme Court maintained the trial court's fact finding authority without setting a new standard" in Booker). Based on this authority, the Eighth Circuit has already decided adverse to defendant on this issue, therefore, this court is precluded from reviewing this issue and the defendant's claim is denied.

**Jury Instructions**

Defendant's second, fifth, sixth, and seventh claims challenge the jury instructions given at his trial.

In his fifth claim defendant argues that his counsel was ineffective for failing to ask for instructions that were relevant to a drug conspiracy. Specifically, defendant claims there were no instructions that explained a buyer/seller relationship or the requirement of a joint interest between alleged conspirators.

In order to convict defendant of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, it is necessary that the government prove the following: 1) that defendant and some other individual reached an agreement or came to an understanding to knowingly and intentionally distribute methamphetamine; 2) that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and 3) that at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding. See Court's Final Jury Ins. No. 9; United States v. Beckman, 222 F.3d 512, 522 (8th Cir. 2000) (in a conspiracy case, the government must prove there was a conspiracy with an illegal purpose, that the defendant was aware of the conspiracy, and that he knowingly became a part of it); United States v. Robinson, 217 F.3d 560, 564 (8th Cir. 2000) (there must be evidence that the defendant entered into an agreement with at least one other person and that the agreement had as its objective a violation of law). A buyer/seller instruction is not appropriate when there is evidence of multiple drug transactions. United States v. Jefferson, 215 F.3d 820, 824 (8th Cir. 2000).

Jury Instruction No. 9 provided the jury with the specific elements the government

needed to establish in this case. Furthermore, in this case there was evidence of multiple drug transactions so a buyer/seller instruction was not appropriate. Therefore, based on the above, defendant is not entitled to relief with respect to this claim.

In defendant's sixth claim he argues that he received ineffective assistance of counsel based on his appellate counsel's failure to argue that the district court's response to questions set forth by the jury were inadequate in clarifying the jury's confusion.

Defense counsel is not required to bring a claim that lacks merit, and here, the record does not support defendant's allegation that the district court's response to questions set forth by the jury was inadequate. The question presented to the court from the jury asked: "Can we get a definite definition of conspiracy?" and "Does selling drugs constitute conspiracy or does conspiracy have to be between 2 or more people consenting to sell?" (Filing No. 79). The court responded by stating please reread all the instructions and continue your deliberations based on all of the evidence. (Filing No. 80). This response was appropriate as the jury instructions already contained the answers to the jury's questions. As discussed above, Jury Instruction No. 9 outlined the elements of conspiracy giving the jury the definition of conspiracy it needed pursuant to federal law. More specifically, Jury Instruction No. 9 stated that:

> In order for the defendant to be found guilty of the charge of conspiracy as alleged in the Indictment, the government must prove ... beyond a reasonable doubt: FIRST from at least July 2000 through September 2001, **two or more persons reached an agreement or came to an understanding to distribute or possess with the intent to distribute methamphetamine.**

Jury Instruction No. 10 stated that "[t]he government must prove that the defendant reached an agreement or understanding with at least one other person." (Filing No. 73).

These instructions adequately laid out the elements of the case and were clearly sufficient to answer the jury's questions. Therefore, the defendant's sixth claim is denied.

Finally, in defendant's second and seventh claims he argues that he received ineffective assistance of counsel because his counsel failed to argue that the final jury instructions conflicted with the verdict form and were ambiguous. Specifically, defendant appears to be arguing that because the verdict form allowed the jury to attribute less than 500 grams of methamphetamine to defendant it conflicted with Jury Instruction No. 8, which stated that "the defendant is on trial only for the offense charged in the Indictment and no other offense."

The verdict form, however, did not reflect additional offenses, rather, it provided the jury with the drug quantities that are outlined in 21 U.S.C. § 841 as guidelines for the maximum and minimum mandatory sentences under the statute. These drug quantities guide the court in issuing the proper sentence under the statute. Furthermore, defendant has failed to provide any substantive allegations of how the jury instructions were ambiguous. Therefore, the defendant's second and seventh claims are denied.

THEREFORE IT IS ORDERED:

1. That defendant's § 2255 motion (Filing No. 133) is dismissed;

2. A separate judgment will be entered; and

3. The clerk is directed to send a copy of this Memorandum and Order to defendant at his last known address.

DATED this day 9th of August, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge