IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:02CR116 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| DEREK D. DABNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on the defendant's Notice of Appeal (Filing No. 151), and defendant's Motion to Amend his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 157). The defendant, Derek Dabney, appeals from the Memorandum and Order (Filing No. 149) and Judgment (Filing No. 150) denying his § 2255 motion.

**Certificate of Appealability**

      Before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> . . . .
>
> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

For the reasons set forth in the court's previously issued Memorandum and Order (Filing No. 149) denying the defendant's § 2255 motion, the court concludes that the defendant has not made the showing as required by 28 U.S.C. § 2253(c).

**Motion to Amend**

On November 16, 2006, defendant filed a motion to amend his § 2255 motion (Filing No. 157). However, defendant's filing of his Notice of Appeal (Filing No. 151) on October 13, 2006, divested this court of jurisdiction to reconsider its ruling*. See Liddell v. Board of Educ.*, 73 F.3d 819, 822-23 (8th Cir. 1996) (as general rule, once notice of appeal is filed, district court has no jurisdiction to reconsider prior decision); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) ("A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment."). Therefore, the motion to amend is denied.

IT IS ORDERED:

1. The motion for certificate of appealability (Filing No.155) is denied;
2. The motion to amend (Filing No. 157) is denied;

3. The Clerk of Court shall provide a copy of this Order to the Eighth Circuit Court of Appeals; and

4. A copy of this order shall be mailed to the defendant at his last known address.

DATED this 1st day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Court Judge